MEMORANDUM **
Edgar William Arteaga-Giron (“Artea-ga-Giron”) was convicted of conspiracy to *430 distribute methamphetamine in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(A), and 846. Arteaga-Giron appeals the district court’s denial of his request for resentenc-ing following a limited remand under United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir.2005) (en banc). On appeal prior to the Ameline remand, Arteaga-Giron had challenged the district court’s enhancement of his sentence because of his leadership role in the conspiracy and because a dangerous weapon was possessed during the offense. He also challenged the reasonableness of his sentence under 18 U.S.C. § 3553(a). On appeal following the Ameline remand, Arteaga-Giron challenged the district court’s failure to consider application of safety valve relief to his case. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.[1] We affirm the district court.
We first address Axteaga-Giron’s claim that the district court erred by denying his request for resentencing. A defendant is not entitled to a resentencing hearing if the district court determines, on Ameline remand, that it would not have imposed a materially different sentence had it known the Sentencing Guidelines were advisory. See United States v. Combs, 470 F.3d 1294, 1296-97 (9th Cir.2006); Ameline, 409 F.3d at 1084-85. Here, the record indicates the district court elicited and considered views of counsel on Ameline remand as to whether Arteaga-Giron would have received a materially different sentence had the district court considered the Sentencing Guidelines to be advisory at the time of his original sentencing. See United States v. Montgomery, 462 F.3d 1067, 1069 (9th Cir.2006). Accordingly, the district court’s determination that Arteaga-Giron’s sentence would not be materially different comported with the requirements of Ameline and thus, its denial of Arteaga-Giron’s request for re-sentencing was not erroneous. Ameline, 409 F.3d at 1084-85.
We next address whether Arteaga-Giron properly preserved the challenges to his sentence. In Arteaga-Giroris opening brief on appeal, dated May 24, 2005, Artea-ga-Giron challenged enhancements he received for a leadership role and the possession of a dangerous weapon during the offense; he also argued he should have received a sentence below the Guideline range pursuant to 18 U.S.C. § 3553(a) factors. “[Wjhere sentencing issues are raised but not decided in an appeal prior to an Ameline remand, those issues are properly before the Court on any subsequent appeal from the Ameline remand.” United States v. Thornton, 511 F.3d 1221, 1227 (9th Cir.2008). We find Arteaga-Giron preserved his challenges to the district court’s enhancement of his sentence on account of his leadership role in the conspiracy and possession of a dangerous weapon, as well as the reasonableness of his sentence under 18 U.S.C. § 3553(a). Arteaga-Giron did not, however, raise arguments involving safety valve relief in his May 24, 2005 appeal. Because Arteaga-Giron raises his safety valve challenge for the first time in the instant appeal, he did not preserve this issue for review. See Thornton, 511 F.3d at 1227.
Finally, we conclude that the district court did not err by enhancing Artea-ga-Giroris sentence for a leadership role and possession of a dangerous weapon in the commission of the offense because the enhancements were based on testimonial evidence in the record sufficient to show that Arteaga-Giron was a manager or supervisor of Robin Box, that Box possessed *431 a dangerous weapon during the operation of the conspiracy, and that Box’s possession was reasonably foreseeable. U.S.S.G. §§ 3B1.1(c), 2D1.1(b)(1); see United States v. Ortiz, 362 F.3d 1274, 1278 (9th Cir.2004) (holding that the enhancement applied where co-conspirator possessed the gun and the co-conspirator’s possession was reasonably foreseeable). The district court’s order also indicates that the district court considered the appropriate factors under the advisory guidelines and considered arguments from the parties based on 18 U.S.C. § 3553(a) factors before announcing its sentencing decision.
Accordingly, we find the district court understood the full scope of its discretion to sentence Arteaga-Giron in a post-Booker world on Ameline remand. The district court’s decision not to alter Arteaga-Gir-on’s original sentence was reasonable and should not be disturbed. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007). The determination of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary as to explain our disposition.